# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-80V
Filed: October 11, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| CARLA THEEMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Interim Fees; Excessive Billing |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Maximillian J. Muller, Esq., Muller Brazil LLP, Dresher, PA, for petitioner.*
*Douglas Ross, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 14, 2016, Carla Theeman ("Ms. Theeman or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed a demyelinating brain disease as a result of receiving an influenza vaccination on October 15, 2014. *See* Petition ("Pet."), ECF No. 1.

On September 21, 2017, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Fees, ECF No. 40. Petitioner requests attorneys' fees in the amount of $25,003.50 and attorneys' costs in the amount of $2,231.87, for a total amount of $27,235.37. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id.*

On September 26, 2017, respondent filed a response to petitioners' Motion for Fees objecting to an award of interim attorneys' fees and costs. Response, ECF No. 42. Respondent submitted that the withdrawal of petitioner's counsel is not a sufficient basis for an award of interim attorneys' fees and costs under *Avera. Id.* at 1. Petitioner filed a reply out-of-time on October 4, 2017, asserting that an award of interim fees is appropriate at this time due to petitioner's lack of communication with counsel. Reply, ECF No. 43.

## I. Procedural History

Petitioner filed her petition and medical records on January 14, 2016.[3] Pet. Ex. 1-9, ECF No. 1. The initial status conference was held on March 4, 2016; respondent indicated that he had not yet reviewed petitioner's medical records. Scheduling Order, ECF No. 9. Respondent was ordered to file a status report by April 18, 2016, requesting any missing medical records and indicating how he intended to proceed. *Id.* Respondent filed his status report on April 18, 2016, stating that he was not interested in pursuing settlement negotiations, and requesting that petitioner provide additional records from DOCS medical group and from petitioner's hospitalization in March of 2015. Res. S.R., ECF No. 10. Petitioner filed additional medical records on April 19 and June 6, 2016. Pet. Ex. 10 ECF No. 12; Pet. Ex. 11, ECF No. 13. Petitioner filed her Statement of Completion on June 17, 2016. ECF No. 14.

On August 1, 2016, respondent filed his Rule 4(c) Report recommending against compensation. Resp. Rpt., ECF No. 15. Respondent noted that Dr. Matthews, who diagnosed petitioner with "demyelinating brain disease," was not a neurologist. Resp. Rpt. at 5. Respondent further noted that petitioner saw two neurologists, neither of whom diagnosed her with a neurological condition. *Id.* at 7. Finally, respondent requested that petitioner file any medical records relating to her referrals to a rheumatologist and an ophthalmologist. *Id.* at 5.

A status conference was held on August 30, 2016. Scheduling Order, ECF No. 16. During the conference, it was noted that petitioner's medical records were only current up to May of 2015, and did not provide a definitive diagnosis for petitioner's alleged injury. *Id.* Petitioner was ordered to file outstanding medical records by October 14, 2016.

Petitioner filed a Motion to Issue a Subpoena on St. Joseph Medical Center on October 6, 2016, which was granted. Motion, ECF No. 18; Order, ECF No. 19. Petitioner filed additional medical records on October 7 and 14, 2016. Pet. Ex. 12-14, ECF No. 20; Pet. Ex. 15, ECF No. 21. After requesting and receiving an extension of time ("MFET"), petitioner filed additional medical

---

[3] A review of the billing records indicates that Mr. Muller had this case for approximately one year before filing the petition. Motion, Ex. A at 5. In that year, Mr. Muller billed 37.2 hours and his paralegal billed 11.5 hours. *Id.* at 5-7. However, the record was not complete until January 24, 2017, a year after the petition had been filed. At this point, Mr. Muller had had this case for over two years.

records and a statement of completion on October 19, 2016. MFET, ECF No. 22; Pet. Ex. 16, ECF No. 23; Statement of Completion, ECF No. 24.

A status conference was held on December 28, 2016. Scheduling Order, ECF No. 28. During the conference, it was again noted that petitioner's medical records did not provide a definitive diagnosis for petitioner's alleged injury. Petitioner's counsel stated that petitioner had an upcoming medical appointment in January of 2017, and would like to file the records from that appointment once they became available. *Id.* Petitioner was ordered to file additional medical records and a status report indicating how she intended to proceed by March 15, 2017.

Petitioner filed additional medical records on January 24, 2017. Pet. Ex. 19-20, ECF No. 31. On March 15, 2017, petitioner filed a status report ("Pet. S.R.") indicating that counsel had been in touch with a potential expert, and requested an additional thirty days to determine how she intended to proceed. Pet. S.R., ECF No. 32. Petitioner was ordered to file a status report by April 14. Non-PDF Scheduling Order, issued Mar. 15, 2017. Petitioner filed a status report on April 14, 2017, stating that she was "unable to obtain any additional evidence to provide further support for her claim," and requested a status conference "to discuss the status of her case." Pet. S.R., ECF No. 34, at 1.

A status conference was held on May 24, 2017. Scheduling Order, ECF No. 35. Petitioner's counsel advised that petitioner had decided to file a Motion for a Dismissal Decision, and confirmed that petitioner was aware that a dismissal decision would result in a judgment and preserve her right to file a civil action. *Id.* Petitioner was ordered to file a motion for a dismissal decision by June 23, 2017. On June 23, 2017, petitioner's counsel filed a motion for extension of time until July 23, 2017, to file a motion for a dismissal decision, which was granted. MFET, ECF No. 36. On July 24, 2017, petitioner's counsel filed a status report stating that, while he had "initially obtained permission to withdraw the case via telephone call" with petitioner, he was "unable to get in contact with Petitioner to obtain written permission to withdraw the case…despite numerous follow up letters and telephone calls…" Pet. S.R., ECF No. 37, at 1. Petitioner's counsel requested an additional thirty days to obtain written consent from petitioner to file a motion for a dismissal decision. *Id.* Petitioner's counsel advised that if he was unable to obtain consent from petitioner, he planned to withdraw as counsel of record. *Id.* Petitioner's counsel was ordered to file either a motion for a dismissal decision or a status report indicating how petitioner intended to proceed by August 23, 2017. Non-PDF Scheduling Order, issued Jul. 24, 2017.

On August 23, 2017, petitioner's counsel filed a motion to withdraw as attorney of record. ECF No. 38. On August 25, 2017, petitioner's counsel filed a motion to strike the motion to withdraw in order to file for interim attorneys' fees and costs. ECF No. 38. On September 21, 2017, petitioner's counsel filed the instant application, indicating that he intended to withdraw as counsel of record once his motion for interim fees had been ruled upon. Motion for Fees, ECF No. 40.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees

3

is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

Additionally, interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained"). Interim fees are also appropriate when it is established "that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010)).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

### A.    Interim Fees are Appropriate in this Case

Interim attorneys' fees have been found to be appropriate under the Vaccine Act in a number of circumstances, including when petitioner's counsel plans to withdraw from the case. *See Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 9Fed. Cl. 2012)(affirming that interim fees may be granted when counsel withdraws from the case and petitioner continues to pursue the case, which would otherwise require petitioenr's withdrawing counsel to wait for an unknown end date of litigation); *see, e.g., Davis v. Sec'y of Health & Human Servs.*, No. 15-277V, 2016 WL 3999784, at *3 (Fed. Cl. Spec. Mstr. July 5, 2016) (finding it appropriate to award interim fees for the petitioner's attorney who was withdrawing from the case); *Becker v. Sec'y of Health & Human Servs.*, No. 13-687V, 2014 WL 4923160, at *7 (Fed. Cl. Spec. Mstr. Sep. 11, 2014) (noting that other special master the Court of Federal Claims have found the withdrawal of counsel can constitute an undue hardship).

Respondent maintains that an award of interim fees is not appropriate at this juncture. Response at 1. Specifically, respondent points to *Avera*, wherein the Federal Circuit held that interim fees are appropriate "where (1) the proceedings are protracted, (2) petitioner will retain or has retained expensive experts, or (3) petitioner would otherwise suffer undue hardship." Response

at 2. Respondent notes that the instant proceedings have not been protracted, and petitioner's counsel has not incurred expert costs. *Id.* Respondent further submits that petitioner's counsel has not demonstrated that an award of interim fees is necessary to avoid undue hardship either to counsel or petitioner. *Id.*

Petitioner's counsel represented that he has "been unable to contact Petitioner…despite repeated attempts via e-mail, written correspondence and telephone calls." Motion, Ex. C at 16. Although I do not find the present proceedings to be protracted, I do find that withdrawing counsel may face undue hardship in getting petitioner's cooperation at the end of this matter, particularly since counsel has been unable to get petitioner's cooperation for the past six months. I therefore find that resolving counsel's attorneys' fees and costs at this time is warranted.

## B.     Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Muller practices in Dresher, PA, which is just outside of Philadelphia. Special masters have consistently awarded forum rates to legal professionals practicing in the greater Philadelphia area. *See, e.g.*, *Colagraco v. Sec'y of Health & Human Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sep. 26, 2016); *Griffis v. Sec'y of Health & Human Servs.*, No. 15-483V, 2017 WL 694538 (Fed. Cl. Spec. Mstr. Jan. 25, 2017). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

---

[4] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys -Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 22, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited September 22, 2017).

The requested hourly forum rates[5] are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his staff. *See e.g.*, *Arnold v. Sec'y of Health & Human Servs.*, 2017 WL 3165486 (Fed. Cl. Spec. Mstr. June 22, 2017); *Stites v. Sec'y of Health & Human Servs.*, 2017 WL 2806709 (Fed. Cl. Spec. Mstr. May 31, 2017). Therefore, the undersigned finds the requested rates to be reasonable.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

A review of the billing records indicates a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[6] For example, Mr. Muller and his paralegal repeatedly overbilled for simple tasks, such as 0.2 hours billed for "Review notice of appearance"[7] and 0.2 hours billed for "Review order granting motion for extension of time."[8,9] For

---

[5] For Mr. Muller, $255 for work performed from 2014 through April of 2016, $275 for work performed from May of 2016 through April of 2017, and $300 for work performed from May of 2017 to present. For Ms. Loecker, Mr. Muller's paralegal, $125 for work performed from 2015 to present.

[6] The following entries are examples and are not exhaustive; they merely provide a sampling.

[7] Motion for Fees, Ex. A at 7.

[8] Motion for Fees, Ex. A at 9, 10 ("Review order granting extension").

[9] Counsel is cautioned to review future fee applications for overbilling, redundant, and/or

these reasons, the undersigned finds that the requested $25,003.50 should be reduced by 10%. Accordingly, $22,503.50 is awarded in attorneys' fees.

**D.      Reasonable Costs**

Petitioner requested a total of $2,231.87 in attorneys' costs, including $1,717.19 in costs associated with obtaining medical records. *See* Motion for Fees, Ex. B. The undersigned finds petitioner's requested costs to be reasonable.

### IV. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $24,735.37**,[10] representing reimbursement for attorneys' fees in the amount of $22,503.50 and costs in the amount of $2,231.87, in the form of a check made payable jointly to petitioner and petitioner's counsel, Maximilian J. Muller, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

excessive billing entries.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.