# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-80V
Filed: October 22, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CARLA THEEMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | Dismissal; Failure to Prosecute; |
| v. | * | Failure to Follow Court Orders; |
| | * | Vaccine Rule 21(b) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Carla Theeman, pro se*, Yonkers, NY.
*Alexis Babcock, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

**Roth**, Special Master:

On January 14, 2016, Carla Theeman ("petitioner" or "Ms. Theeman") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that an influenza ("flu") vaccine caused her to develop a demyelinating brain disease. *See* Petition ¶¶ 2, 20, 22, 23.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Ms. Theeman was represented by an attorney until November 28, 2017, at which time she became *pro se*. On November 28, 2017, I issued an Order requiring Ms. Theeman to file a Status Report by no later than January 29, 2018, updating the Court on her progress in retaining a new attorney. ECF No. 49.

On December 8, 2017, chambers staff attempted to contact Ms. Theeman via telephone. Ms. Theeman did not answer, and a voicemail was left. Petitioner failed to comply with the Court-ordered deadline of January 29, 2018 to file a Status Report.

An Order was issued on February 6, 2018, for Ms. Theeman to file a Status Report by no later than April 9, 2018, advising the Court of her efforts to secure a new attorney. ECF No. 51. Ms. Theeman failed to file her Status Report or respond to this Order in any way.

An Order to Show Cause was sent to petitioner on April 17, 2018 but was returned to the Court on May 11, 2018 as "unable to forward." ECF Nos. 53-54.

On May 16, 2018, a second Order to Show Cause was issued, requiring Ms. Theeman to contact the Court by June 18, 2018, or her case would be dismissed. ECF No. 55. This Order was successfully delivered via certified mail.

On May 24, 2018, Ms. Theeman contacted chambers staff via telephone to advise that she had moved. Ms. Theeman agreed to send a letter to the Court with her new address.

Ms. Theeman failed to send the Court a letter with her new address or contact the Court in any way. Several voicemails were left at the telephone number provided by Ms. Theeman, (914) 413-6862, asking her to contact the Court with her new address. *See* Informal Communication docket entries for July 10, 2018; Sept. 26, 2018; Dec. 19, 2018; Dec. 20, 2018. Petitioner did not contact the Court in response to any of these voicemails.

A third Order to Show Cause was issued on April 2, 2019, requiring Ms. Theeman to contact the Court by May 2, 2019, or her case would be dismissed. ECF No. 56. This Order was returned to the Court on April 26, 2019, as "unable to forward." ECF No. 57. The return notification listed the following address for Ms. Theeman:

183 Elm Street #2
Yonkers, NY 10701-3931

On April 26, 2019, a final Order to Show Cause was issued, requiring Ms. Theeman to file a Status Report stating whether she had secured an attorney and providing her current telephone number and address by no later than May 10, 2019. ECF No. 58. The Order was mailed to Ms. Theeman's Elm Street address. This Order was returned on June 10, 2019 as unclaimed mail. ECF No. 59.

Ms. Theeman left a voicemail for my law clerk on May 9, 2019, asking my law clerk to return her call. Ms. Theeman did not indicate whether she had retained an attorney and did not provide her current address. On May 10, 2019, my law clerk left a voicemail for Ms. Theeman asking her to call chambers. *See* Informal Communication docket entries for May 9, 2019; May 10, 2019.

On August 8, 2019, my law clerk reached Ms. Theeman via telephone. My law clerk advised Ms. Theeman of the necessity to keep in contact with the Court. Ms. Theeman advised that she had not been able to retain new counsel. My law clerk advised that an order would be issued for Ms. Theeman to provide a Status Report on her progress in retaining new counsel. Ms. Theeman agreed to provide updated medical records. Ms. Theeman provided the same Elm Street address to which the previous two Orders to Show Cause were sent. *See* Informal Communication docket entry for Aug. 8, 2019.

An Order was issued on August 8, 2019, for Ms. Theeman to file a Status Report by October 7, 2019, advising of her progress in retaining an attorney. Ms. Theeman was again sent a list of attorneys who practice in the Vaccine Program and advised that she could hire counsel at no cost to herself. She was reminded of the necessity of responding to Court orders by the dates set therein, and of remaining in contact with the Court. ECF No. 62. To date, Ms. Theeman has not filed a Status Report or responded to the Court in any way or filed any medical records, as promised.

Ms. Theeman's case has been pending for over three years and she has been *pro se* for 23 months. She has been provided significant time to find new counsel and has failed to do so. Moreover, she has failed to respond to Court orders on numerous occasions, despite numerous opportunities to do so, and has generally failed to communicate with the Court to apprise of her status and her intentions regarding her vaccine injury claim.

It is petitioner's duty to prosecute her case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow courts orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Mindy Michaels Roth
Special Master